IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01561-RPM

DANNY GLOVER,

     Plaintiff,

v.

DCP MIDSTREAM GP, LLC,

     Defendant.

---

## ORDER GRANTING SUMMARY JUDGMENT

---

In response to the defendant's motion for summary judgment, seeking dismissal of his claims for violations of the Family Medical Leave Act (FMLA), particularly interference with the exercise of his rights, 29 U.S.C. § 2615(a)(1) and retaliation prohibited by § 2615(a)(2), the plaintiff, Danny Glover, asserts in his second affidavit that he never received mail sent to his home address and that his mail had to be sent to his post office box address.  The relevance of that contention is that by letters dated April 7, 2010, and April 29, 2010, sent to Daniel Glover at 35 Crawford Street, Keenesburg, Colorado, 80643, Mr. Glover was notified of his status.  In the April 7, 2010, letter (Exh. E) Rhonda Tucker-Dickerson, informed Mr. Glover that he had been approved for a medical leave of absence from February 2, 2010, until March 2, 2010, and that by a telephone conference on March 25, Mr. Glover had indicated an intention to send medical information to Liberty Mutual, the administrator of a group plan for short term disability benefits but that no documentation had been provided.  In the April 29,

2010, letter from Denise A. Loera, of Liberty Mutual, Mr. Glover was informed that his disability claim had been approved through April 14, 2010, but that additional information was needed to extend the disability leave (Exh. S).  Mr. Glover's denial of receipt of these letters is implausible.  The letters were sent to his address of record with his employer, pursuant to a notice of change of address, filed January 13, 2010, and in his deposition testimony, the plaintiff testified that he had received "a few" of the letters at him home address.

It is undisputed that through a combination of FMLA leave and disability leave, Mr. Glover was permitted to be off work through April 14, 2010.  What the plaintiff attempts to dispute is that he made efforts to return to work through a series of telephone calls and that he was rebuffed in his efforts.

It is also undisputed that the employer terminated Mr. Glover's employment, effective May 14, 2010.  Notice of that termination was given by a letter from Rhonda Tucker-Dickerson, dated May 5, 2010, (Exh. T).  The exhibit shows delivery to the 35 Crawford Street address by UPS.  Mr. Glover admits to having seen this letter at some time after that.  The delivery of the letter by UPS rather than the postal service has not been explained by the defendant.  That fact, however, does not defeat the contentions that the April letters were delivered and not answered.

Mr. Glover also makes note of the fact that the employer did not contest his appeal of the initial denial of his unemployment benefits based on resignation.  That too, does not create an estoppel or an admission that the employer's termination decision was not based on his failure to return to work after expiration of his leave benefits.

Because the plaintiff has failed to present plausible evidence disputing the defendant's termination decision based on his failure to return to work after the expiration of his leave, it is

ORDERED that the defendant's motion for summary judgment is granted and judgment will enter for the defendant dismissing this action and for costs.

Dated:   April 3rd , 2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge